## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CANDACE C. HENSLEY and TIMOTHY
HENSLEY,

     Plaintiffs,

           and

HARTFORD CASUALTY INSURANCE
COMPANY A/S/O/ GEORGIA ASSISTED
LIVING FEDERATION OF AMERICA,

     Plaintiff-Intervenor,

           v.

WESTIN HOTEL, a subsidiary of MARRIOTT
INTERNATIONAL, INC., *et al.*,

     Defendants.

Civil Action No.
1:19-cv-03846-SDG

## OPINION AND ORDER ON REMAND

This matter is before the Court on limited remand from the Eleventh Circuit Court of Appeals to determine the citizenship of all parties and whether diversity jurisdiction existed at the time of removal and throughout the proceedings. For the following reasons, Plaintiffs' latest objections are **OVERRULED** [ECF 170], and the Court finds that diversity jurisdiction existed at the time of removal but was destroyed by Plaintiff-Intervenor's intervention in this suit.

## I.    Background

The Court entered an Order to Show Cause on September 2, 2022 for the purpose of determining the citizenship of all parties (Plaintiffs; Plaintiff-Intervenor

Hartford Casualty Insurance Company A/S/O Georgia Assisted Living Federation of America (Hartford); and Defendants Merritt Hospitality, LLC (Merritt), Westin Hotel Management, L.P. (WHM), Marriott International, Inc. (Marriott), and Westin Hotel, a subsidiary of Marriott International, Inc. (Westin Hotel) (collectively, Defendants)), and whether diversity jurisdiction existed at the time of removal and continued throughout the proceedings.[1] Specifically, the Court ordered the parties to address three jurisdictional defects in this case: (1) Merritt's reliance on allegations of Plaintiffs' residence, not their citizenship, in removing the case; (2) Merritt's inadequate allegations of its own and WHM's citizenship; and (3) Hartford's failure to allege its own citizenship in its bid to intervene in this case.

On September 16, 2022, Defendants filed a joint response to the Order to Show Cause. Hartford did not timely respond to the Court's Order. On September 27, the Court held a hearing to discuss the parties' responses, and Plaintiffs indicated that they wished to lodge objections to the Court's exercise of subject matter jurisdiction.[2] At the conclusion of the hearing, the Court issued a clear order: Plaintiffs were granted leave to file objections, Defendants were permitted

---

[1]    ECF 157.

[2]    ECF 160.

to file a response to Plaintiffs' objections, and Hartford was instructed to file its response to the Court's Order to Show Cause.

On October 11, 2022, Hartford responded to the Order to Show Cause.[3] Plaintiffs and Defendants continued to file: Plaintiffs' October 11 objections,[4] Defendants' October 19 response,[5] Plaintiffs' October 24 Motion to Strike,[6] Defendants' November 9 response to Plaintiffs' Motion to Strike,[7] and Plaintiffs' November 17 reply regarding their Motion to Strike.[8]

On February 27, 2023, the Court resolved Plaintiffs' Objections and motion to strike, and ordered Defendants and Hartford to supplement their jurisdictional allegations.[9] On March 6, Defendants supplemented their jurisdictional allegations,[10] and, without leave of Court, Plaintiffs lodged additional objections.[11]

---

[3]   ECF 162.

[4]   ECF 161.

[5]   ECF 163.

[6]   ECF 164.

[7]   ECF 165.

[8]   ECF 166.

[9]   ECF 168.

[10]   ECF 169.

[11]   ECF 170. These objections (*e.g.*, that because one of Hartford's board members is a resident of Georgia, Hartford is a citizen of Georgia) are procedurally

Again, Hartford did not timely respond and asserted that it did not receive the Court's Order.[12] On March 13, the Court ordered Hartford to supply additional jurisdictional allegations,[13] which Hartford did on March 17.[14] With sufficient information for the Court to determine the parties' citizenships, the Eleventh Circuit's order of limited remand is now finally ripe for resolution.

## II.   Discussion

Merritt, the removing party, bears the burden of adequately alleging Plaintiffs' and Defendants' citizenship. *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1363–64 (11th Cir. 2018) (The party invoking federal jurisdiction "must prove, by a preponderance of the evidence, facts supporting the exercise of jurisdiction."). Hartford, the intervening party, must establish its citizenship and show that its intervention in this action does not destroy complete diversity. *Sunpoint Sec., Inc. v. Porta*, 192 F.R.D. 716, 718 (M.D. Fla. 2000) (citing 28 U.S.C. § 1367); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985) ("It is well-established . . . that a

---

improper and misstate or misunderstand the law on diversity jurisdiction. *See, e.g.*, *infra* Section II.C. Accordingly, they are **OVERRULED**.

12   ECF 172.

13   D.E. 3/13/23.

14   ECF 173.

party must have 'independent jurisdictional grounds' to intervene permissively under Rule 24(b).").

Merritt has met its burden with respect to Marriott: Marriott's Delaware and Maryland citizenships were established at the outset of this case.[15] Westin Hotel is a misnomer for Marriott, and the Court has already determined that, as a fictitious party, it is irrelevant to the diversity jurisdiction calculus.[16] Further, because Plaintiffs indicated in their October 11 brief that they "have never disputed that they have been citizens of the State of Georgia at all times relevant to this action,"[17] the Court is satisfied that Plaintiffs have been and are Georgia citizens. So, to comply with the Eleventh Circuit's instruction on limited remand, the Court need only determine whether (1) Merritt has shown WHM's citizenship; (2) Merritt has adequately alleged its own citizenship; and (3) Hartford has established its citizenship.

### A.    Merritt Has Established WHM's Citizenship.

WHM is a limited partnership. For diversity jurisdiction purposes, the citizenship of a limited partnership is any state of which a member of the

---

[15]   ECF 1, ¶ 13.

[16]   ECF 157, at 4.

[17]   ECF 161, at 3.

partnership is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Merritt maintains that, at all times material to this litigation, Starwood Hotels & Resorts Worldwide, LLC has been the sole limited partner of WHM, and WHLP Acquisitions, LLC has been the sole general partner.[18] Marriott is the sole member of Starwood Hotels & Resorts Worldwide, LLC and WHLP Acquisitions, LLC, and Marriott is incorporated in Delaware and maintains its principal place of business in Maryland. So, WHM, like Marriott, is a citizen of Delaware and Maryland. *Id.* ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

  **B.  Merritt Has Established Its Own Citizenship.**

  In its September 16 filing, Merritt failed to establish its own citizenship such that the Court could determine whether it has diversity jurisdiction over this case. Specifically, Defendants represented that, from 2019 to 2021, Merritt was owned by Gary Mendell, a citizen of Connecticut, and HEI Hospitality, LLC.[19] HEI Hospitality, in turn, was owned at the time of removal by Gary Mendell; Stephen Mendell, a citizen of Florida; and Stephen Rushmore, a citizen of Florida.[20]

---

[18] ECF 158, at 8.

[19] *Id.* at 7.

[20] *Id.*

However, the Affidavit of Brian Russo indicates that these individuals did not directly own HEI Hospitality, LLC; it instead states that their interests were held "via their Revocable Trusts and through Family LLCs or trusts."[21] Because Defendants indicated that multiple unnamed trusts and limited liability companies were the direct members of HEI Hospitality, LLC, and that Gary Mendell, Stephen Mendell, and Stephen Rushmore were only beneficiaries of these trusts and "family LLCs," the Court inquired further.[22]

### 1.    Determining the Citizenship of a Trust

To determine the citizenship of a limited liability company like HEI Hospitality, LLC, Merritt's part-owner, the Court must assess the citizenship of each of the LLC's members and submembers until the Court is left with only individuals or corporations. *Rolling Greens*, 374 F.3d at 1022. However, when the member or submember is a trust, the analysis changes.

The method for determining a trust's citizenship for diversity purposes depends on whether it is a business trust or a traditional trust. *Americold Realty Tr.*

---

[21]   ECF 158-5, ¶ 4. Defendants allege that Ted Darnell and Clark Hanrattie, citizens of Connecticut, "were added as owners of Merritt" in 2021. *Id.* ¶ 5. These additional owners neither change Merritt's citizenship nor destroy diversity.

[22]   *Id.*

*v. Conagra Foods, Inc.*, 577 U.S. 378, 382–83 (2016). A business trust, which is an unincorporated entity capable of bringing suit in its own name, possesses the citizenship of its member-beneficiaries. *Id.* By contrast, "a 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries." *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (citation omitted). *See also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017) ("[F]or . . . traditional trusts, it is the citizenship of the trustees holding the legal right to sue on behalf of the trusts, not that of beneficiaries, that is relevant to jurisdiction."); *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495 (D.C. Cir. 2016) (A "traditional trust . . . generally describes a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law."). Determining whether a trust is "traditional" requires reference to the "law of the state where the trust is formed." *Wang*, 843 F.3d at 495.

### 2.   Findings

In its March 6, 2023 filing, Merritt (jointly with Defendants) asserts that HEI Hospitality, LLC has been comprised of (1) the Gary M. Mendell Revocable Trust, a citizen of Connecticut; (2) the Stephen Mendell Revocable Trust, a citizen of Florida; (3) the 2020 Mendell Family GST Trust, a citizen of Florida; (4) the ESJJJ

Family LLC, a citizen of Florida; and (5) Stephen Rushmore, a citizen of Florida.[23] The Court finds that Merritt has established these citizenships.

### i.   The Gary M. Mendell Revocable Trust Is a Citizen of Connecticut.

Merritt represents that the Gary M. Mendell Revocable Trust is a traditional trust formed under Connecticut law, and that, at all times material to this litigation, the trustee has been Gary Mendell, a citizen of Connecticut.[24] Accordingly, the Court finds that the Gary M. Mendell Revocable Trust (and therefore HEI Hospitality, LLC and Merritt) is a citizen of Connecticut.

### ii.   The Stephen Mendell Revocable Trust Is a Citizen of Florida.

Merritt avers that the Stephen Mendel Revocable Trust is a traditional trust formed under Florida law, and that, at all times material to this litigation, the trustee has been Stephen Mendell, a citizen of Florida.[25] Thus, the Court finds that the Stephen Mendell Revocable Trust is a Florida citizen.

---

23   ECF 169, at 3.

24   *Id.* at 4.

25   *Id.*

### iii.     The 2020 Mendell Family GST Trust Is a Citizen of Florida.

Merritt likewise asserts that the 2020 Mendell Family GST Trust is a citizen of Florida.[26] As a traditional trust formed under Connecticut law, its citizenship is that of its trustee, Stephen Mendell, a citizen of Florida.[27] The 2020 Mendell Family GST Trust's citizenship has not changed at any time relevant to this litigation.[28] So, the 2020 Mendell Family GST Trust is a citizen of Florida.

### iv.     The ESJJJ Family LLC Is a Citizen of Florida.

Because an LLC's citizenship depends on the citizenship of its members, Merritt needed to identify the ESJJJ Family LLC's members and submembers and establish their citizenships to determine the citizenship of HEI Hospitality, LLC and, consequently, Merritt. Merritt avers that, at all times relevant to this litigation, the ESJJJ Family LLC has been comprised of one member: the Mendell Family 2011 GST Trust f/b/o Jordan Mendell, Jamie Mendell, and Jenna Mendell.[29] Merritt further asserts that the Mendell Family 2011 GST Trust is a traditional trust formed under South Dakota law, and that, at all times relevant to this litigation, its trustee

---

26   *Id.* at 4–5.

27   *Id.* at 5.

28   *Id.*

29   *Id.*

has been Ellen-Jo Mendell, a citizen of Florida. Therefore, the ESJJJ Family LLC is a citizen of Florida.

### 3.    Summary

Based on the citizenships of its members and submembers, the Court finds that Merritt has established that HEI Hospitality, LLC—and Merritt—are citizens of Connecticut and Florida.

### C.    Hartford Has Established Its Citizenship.

In its March 17 response to the Court's March 13 Order to Show Cause, Hartford avers that its principal place of business and state of incorporation are Connecticut. Plaintiffs disagree and argue that Hartford is a Georgia corporation because (1) one of its directors is a Georgia resident and (2) Hartford is a subrogee for Georgia Assisted Living Federation, a Georgia corporation.[30]

Setting aside the fact that Plaintiffs have neglected the Court's repeated instruction that *residence* does not equate to *citizenship*, a corporation's citizenship is not impacted by its directors' citizenships. In any event, Hartford is not a Georgia citizen. While, as Plaintiffs argue, Hartford "steps into the shoes" of Georgia Assisted Living Federation of America for purposes of recovering worker

---

[30]   ECF 170, ¶ 6.

compensation it paid,[31] it does not assume a new citizenship in doing so. *Cf. De La Rosa v. IFCO Sys. N. Am., Inc.*, 2010 WL 1781505, at *2 (N.D. Ga. May 4, 2010) (noting that diversity was not destroyed when the subrogee, a Massachusetts corporation, stepped into the shoes of a Georgia plaintiff). So, the Court finds that Hartford is a Connecticut citizen.

## III.   Conclusion

Plaintiffs' latest objections are **OVERRULED** [ECF 170]. Plaintiffs are Georgia citizens and Defendants are not Georgia citizens. However, because Hartford is a Connecticut citizen and Merritt is a Connecticut citizen, the Court recommends that its judgment be vacated and the case remanded to this Court so that it may vacate its grant of Hartford's permissive intervention, dismiss Hartford from the case, and enter summary judgment against Plaintiffs.

---

[31]   *Id.*

The Clerk is **DIRECTED** to forward a copy of this Order to the Eleventh Circuit Court of Appeals.

**SO ORDERED** this 30th day of March, 2023.

Steven D. Grimberg
United States District Court Judge